Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com
Attorney for Plaintiff

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 3 0 2012

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH YANEZ, | Case No. CV-12-227-EFS |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| NIAGARA CREDIT SOLUTIONS, INC, | |
| Defendant. | |

## NATURE OF ACTION

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Washington Consumer Protection Act ("WCPA"), Chapter 19.86, RCW.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b),

COMPLAINT -1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Joseph Yanez ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of Douglas, and City of Palisades.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "debtor" as defined by RCW § 19.16.100(11).

7. Defendant, Niagara Credit Solutions, Inc ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. Defendant at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "claim" from Plaintiff as defined by RCW § 19.16.100(5).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant is a "collection agency" as defined by RCW § 19.16.100(2), or alternatively, an "out-of-state collection agency" as defined by RCW § 19.16.100(4).

COMPLAINT -2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

# FACTUAL ALLEGATIONS

11.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

12.     Plaintiff is a natural person obligated, or allegedly obligated, for the payment of money or thing of value arising out of any agreement or contract, express or implied, owed or due, or asserted to be owed or due a creditor other than Defendant.

13.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15.     In connection with collection of an alleged debt in default, Defendant sent Plaintiff initial communication dated December 21, 2011, in which Defendant demanded payment of $1,600.83 for payment of an alleged debt to Springleaf Financial Services, Inc. f/k/a American General Financial Services.

16.     Defendant's initial communication failed to provide an itemization

COMPLAINT -3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

of the amount of debt, or otherwise failed to provide all of the information required by RCW § 19.16.250(8).

17. Plaintiff previously paid the alleged debt to Springleaf Financial Services, Inc. f/k/a American General Financial Services in full on or about August 14, 2007.

18. Further, a court of competent jurisdiction determined Plaintiff did not owe said debt subsequent to a trial of the matter on or about March 5, 2010, where Springleaf Financial Services, Inc. f/k/a American General Financial Services was denied judgment against Plaintiff for the alleged debt.

19. Upon receipt of Defendant's demand for payment, and as a direct and proximate result thereof, Plaintiff sent Defendant, via certified mail, a written dispute letter dated December 29, 2011.

20. As a direct and proximate result of Defendant's collection efforts, Plaintiff sent the abovementioned dispute letter.

21. Plaintiff incurred a charge for the postage and mailing of the abovementioned dispute letter.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

22. Plaintiff repeats and re-alleges each and every allegation contained above.

COMPLAINT -4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

23. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

24. Plaintiff repeats and re-alleges each and every allegation contained above.

25. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

COMPLAINT -5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF RCW § 19.86.020

26. Plaintiff repeats and re-alleges each and every allegation contained above.

27. The WCPA declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW § 19.86.020.

28. "[T]he commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16.250 are declared to be unfair acts or

COMPLAINT -6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW." RCW § 19.16.440.

29.     The Washington Collection Agency Act provides:

No licensee or employee of a licensee shall:

\* \* \*

(8) Give or send to any debtor or cause to be given or sent to any debtor, any notice, letter, message, or form, other than through proper legal action, process, or proceedings, which represents or implies that a claim exists unless it shall indicate in clear and legible type:

\* \* \*

(c) If the notice, letter, message, or form is the first notice to the debtor or if the licensee is attempting to collect a different amount than indicated in his or her or its first notice to the debtor, an itemization of the claim asserted must be made including:

(i) Amount owing on the original obligation at the time it was received by the licensee for collection or by assignment;

(ii) Interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, if such information is known by the licensee or employee: PROVIDED, That upon written request of the debtor, the licensee shall make a reasonable effort to obtain information on such items and provide this information to the debtor;

(iii) Interest or service charge, if any, added by the licensee

COMPLAINT -7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

or customer or assignor after the obligation was received by the licensee for collection;

    (iv) Collection costs, if any, that the licensee is attempting to collect;

    (v) Attorneys' fees, if any, that the licensee is attempting to collect on his or her or its behalf or on the behalf of a customer or assignor; and

    (vi) Any other charge or fee that the licensee is attempting to collect on his or her or its own behalf or on the behalf of a customer or assignor.

RCW § 19.16.250(8).

30. Defendant violated RCW § 19.16.250(8) by failing to itemize Plaintiff's alleged debt or otherwise include the information required by that section in Defendant's correspondence to Plaintiff.

31. By Defendant's violation of RCW § 19.16.250(8), Defendant engaged in a per se unfair act or practice or unfair method of competition in the conduct of trade or commerce for the purpose of the application of the WCPA.

32. In a private action in which an unfair or deceptive act or practice is alleged under RCW § 19.86.020, a claimant may establish that the act or practice is injurious to the public interest because it violates a statute that incorporates Chapter 19.86 RCW. RCW § 19.86.093(1).

33. A violation of the CAA implicates the public interest. *Evergreen Collectors v. Holt,* 60 Wash. App. 151, 156 (Wash. App., Div. 2, 1991)

COMPLAINT -8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

(explaining that a claimant asserting a *per se* violation based upon a violation of the CAA need not prove that the public interest was affected as "[s]uch an analysis would be superfluous in a case where, as here, the plaintiff establishes a *per se* violation of the Consumer Protection Act by conduct statutorily declared to be violative of the Act"); *see also Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 897 (Wash. 2009) ("The business of debt collection affects the public interest, and collection agencies are subject to strict regulation to ensure they deal fairly and honestly with alleged debtors.").

34. Defendant's collection activity directly and proximately caused Plaintiff injury, including time and expense incurred in defense of Defendant's collection activities, not limited to postage and mailing fees incurred in disputing the validity of the debt sought to be collected and otherwise communicating with Defendant in response to its debt collection activity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated RCW § 19.86.020;

b) Awarding Plaintiff actual damages pursuant to RCW § 19.86.090;

c) Awarding Plaintiff discretionary treble damages pursuant to RCW § 19.86.090;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to RCW § 19.86.090;

COMPLAINT -9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 17th day of April, 2012.

_____
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

COMPLAINT -10

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com